UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AHMED HIZAM MOKBEL and
20/20 DELI,                                                                                   Civil Action No.

                Plaintiffs,

         -against-                                                                  COMPLAINT

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                Defendants.
------------------------------------------------------------------x

      The Plaintiffs, AHMED HIZAM MOKBEL and 20/20 DELI, by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

      1. Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

      2. The Plaintiff, 20/20 DELI is a business organized and existing under the laws of the State of New York, with its principal place of business located at No. 1120 Southern Boulevard, Bronx, New York 10459 wherein it owns and operates a retail grocery/convenience store.

      3. The Plaintiff, AHMED HIZAM MOKBEL, is a resident of the County of Bronx, City and State of New York.

      4. The Plaintiff, AHMED HIZAM MOKBEL , is the sole proprietor and owner of the Plaintiff, 20/20 DELI

1

5. On or about December 22, 2006, the Plaintiffs filed an application with the Defendants for authorization to participate in the Defendants Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP) as a retail vendor at the location described herein, and after inspection of the business premises the Plaintiffs were so authorized and had been operating in compliance with SNAP rules and regulations.

6. On or about August 16, 2018 by letter with an attachment entitled USDA-FNS Report of Positive Investigation with Transaction Reports, the Defendants informed the Plaintiffs that they were being charged with violating Section 14 of the Food and Nutrition Act of 2008, and Section 278.2(a) of SNAP regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items.

7. It is alleged in said letter that on four (4) separate occasions, to wit, July 17, 201, July 20, 2018, July 23, 2018 and July 25, 2018, that Plaintiff accepted SNAP benefits in exchange for "ineligible items," and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or for the imposition of a civil money penalty, if applicable, in lieu of the disqualification. A copy of said USDA-FNS Report of Positive Investigation with Transaction Reports is annexed hereto and marked as Exhibit "A".

8. Thereafter, Plaintiff, AHMED HIZAM MOKBEL through Joseph A. Altman, P.C., his attorney, by letter to the Retail Operations Division on August 28, 2018, sent in a response to the letter of charges with request for a Civil Money Penalty in lieu of disqualification, annexed hereto and marked as "Exhibit "B".

9. Thereafter, a letter dated September 6, 2018, was sent out by the Section Chief, Retailer Operations Division of the Defendants, informing Plaintiff that a determination had been made by the Defendants sustaining the charges and that the Plaintiffs would be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports, annexed hereto as Exhibit "C".

10. Thereafter, Plaintiff's attorney Joseph A. Altman, P.C., his attorney mailed a letter dated September 17, 2018 to the Chief, Administrative Review Branch of the Defendants, timely requesting an Administrative Review of the determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months together with a request for information pursuant to a FOIA request. A copy of such request is annexed hereto and marked as Exhibit "D".

11. Defendants by letter dated February 22, 2019, together with the "Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) issued their decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as the prior determination was upheld and sustained by the Defendants' Administrative Review Branch. A copy of this final decision is annexed hereto and marked as Exhibit "E".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review un-redacted information in the Defendant's reports and investigative documents concerning same, or the opportunity to receive a complete response to the Plaintiffs' Freedom Of Information Act request so they would be furnished all discovery material that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

15. The Plaintiffs categorically deny each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs' disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Report of Positive Investigation with Investigative Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigator to obtain a positive identification during the four (4) investigations of this vendor's store of the clerk(s) alleged to have sold the ineligible items employed by said vendor who allegedly

committed the wrongdoings.

(b) The fact that all the ineligible items allegedly sold were inexpensive common household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibit "A".

(c) The unsuccessful attempt to have the vendor's employee engage in trafficking by obtaining U.S. currency for EBT benefits on July 25, 2018;

(e) The failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiff of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(f) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

17. In addition, the Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as a vendor participating in the Supplemental Nutrition Assistance Program.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiff are sustained.

(c) That according to Defendant's own records, ineligible items were sold only (4) times with a four (4) month period and were of negligible value.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. That the items purchased on the dates noted were described as follows:

(1) On 7/17/18, an 80 ct. box "Red & White' sandwich bags and a one 10 ct. box "Red & White" 30 gallon trash bags12.6;

(2) On 7/20/18, one 15 fluid ounce bottle of "Mistolin" all-purpose cleaner and on 20 ct. package of "Sunset" 18 oz. plastic cups;

(3) On 7/23//18, one 12.6 fluid ounce bottle of "Ajax" dish soap and an 80 ct. box of "Red & White" sandwich bags; and

(4) On 6//18, one 25 fluid ounce container of "Tide" laundry detergent and an 80 ct. box of "Red & White" sandwich bags.

20. That where the value of such items is of such an insignificant amount, to wit, under Twenty ($ 20.00) Dollars, particularly compared to the failed attempt to induce the employee to engage in at trafficking activities on July 23, 2018 (Exhibit "D" of the Transaction Reports, annexed hereto and marked Exhibit "A"), it evidences that the penalty imposed on this owner is unduly harsh and excessive.

21. It is further submitted that such failed attempts to entrap the employee into trafficking and the incomplete and ambiguous Transaction Reports must weight heavily in favor in the Plaintiffs. Furthermore, it is inconceivable and unreasonable to believe that this vendor would jeopardize a solvent business and the source of his livelihood for the

meager sum earned by the sale of ineligible items.

22. That to disqualify this vendor for a six (6) month period, merely due to alleged "carelessness and poor supervision" of one employee, will result in irreparable harm, injury and damage to the Plaintiffs, and a hardship to his employees and the community.

23. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

24. That this retail food business owned and operated by the Plaintiff sells basic staple food products, namely, meat, poultry, cheese, eggs and produce, and many other food products to the local community.

25. The business does average monthly sales of approximately $60,000.00. The average mark-up on the products sold is thirty (30%) percent. Thus, after considering the cost of goods sold, the gross profit each month is approximately $ 18,000.00. During the course of each month Supplemental Nutrition Assistance Program Benefits (EBT) redemptions are $30,000.00, fifty (50%) percent of gross sales. Therefore, without the Supplemental Nutrition Assistance Program Benefits the food sales would be reduced to $ 9,000.00. The resulting loss of gross profits to this business will place said business in a state of insolvency. By virtue of the nature of the community in which the Plaintiffs' business is situated this business cannot survive without receipt of the Defendants' Electronic Benefit Food Benefits.  In addition, it cannot be specifically calculated as to the amount of sales that are generated by SNAP customers who also purchase

items for cash when they shop in the Plaintiffs' store because it is authorized under the "Program."

26. In the operation of this business the Plaintiffs incur the following fixed monthly expenses:

| | |
|---|---:|
| Rent | $ 8,400.00 |
| Extermination | 80.00 |
| Cleaning | 90.00 |
| Garbage Collection | 250.00 |
| Insurance | 450.00 |
| Water & Sewer | 150.00 |
| Telephone | 140.00 |
| Electric | 2,000.00 |
| Bookkeeper | 300.00 |
| Payroll | 4,500.00 |
| Sales Tax | 1,600.00 |
| **TOTAL MONTHLY EXPENSES** | $ 17,960.00 |

If the Plaintiffs are denied the privilege to redeem these Benefits which amount to $30,000.00, fifty (50%) percent of gross sales per month, their gross profit will be reduced substantially per month. If the Plaintiffs are denied their privilege to redeem these benefits they will suffer a large loss each month after payment for goods sold, merchandise, supplies and the fixed expenses itemized above. The sole and ultimate effect of any disqualification of the Plaintiffs from the Defendants' Program will be to put the Plaintiffs out of business- The Plaintiff, AHMED HIZAM MOKEL, will lose his investment in this retail food establishment. The final result will be financial disaster and ruin for the said Plaintiffs.

27. I respectfully requested that the Defendant not disqualify the Plaintiff pending the outcome and determination of this case, as the Plaintiffs will suffer irreparable harm and injury. As stated, the Plaintiffs' investment will be lost, years

of long hours and hard work and sacrifice will be for naught, and the Plaintiff, AHMED HIZAM MOKEL, will continue to be responsible and indebted to the landlord on the business lease without a business to generate an income to pay the rent. The decision by the Defendants is tantamount to padlocking the doors of the Plaintiffs' business and putting it out of business.

28. Furthermore, there will be other irreparable injury caused by the Defendants' decision if they elect to disqualify Plaintiff from the Program. The employees of the Plaintiffs will be out of work. Also, members of the community where the Plaintiffs' store is located will suffer by virtue of the fact that they will no longer be able to patronize this store which is open eighteen (18) hours per day, seven (7) days per week and is always available to accommodate and assist its customers.

29. Should Defendants disqualify Plaintiff it can only be concluded that grievous harm and damage will be inflicted upon the Plaintiffs, their employees and members of the community serviced by this food establishment.

30. As described herein, the sales that result from the Plaintiffs' participation in the Supplemental Nutrition Assistance Program are extremely important, vital and essential to the success and continuation of this business. The Plaintiffs keep abreast of the SNAP Regulations, and those products that constitute eligible food items. Employees are regularly instructed concerning the acceptance of these benefits from customers. Prior to the incidents that gave rise to this action, the Plaintiffs' record with the Defendants, as previously stated, was unblemished. Now, as a result of allegations that a clerk accepted SNAP Benefits on four occasions, in an insignificant amount during the incidents stated in the

letter of charges, the Plaintiffs are being disqualified from participation in the "Program" after years of lawfully and properly redeeming thousands upon thousands of dollars in Benefits. It is inconceivable that the Plaintiffs would intentionally jeopardize their business for such an insignificant amount.

31. It is also submitted that Plaintiff will succeed on the merits of this case which is a requirement under 7 U.S.C 2023(17). The Plaintiffs concede that while there is always the remote possibility that a clerk in the store may have failed to follow the SNAP Regulations, such actions were unintentional and isolated and not a function of "carelessness or poor supervision" or a pattern of behavior. Furthermore, the Plaintiff, AHMED HIZAM MOKEL, clearly, cannot be in all places at all times. There are occasions that he must leave the store premises, and the employees are left in charge. The said Plaintiff himself has never been involved in any transaction where ineligible items were exchanged for EBT Benefits. It is acknowledged that said Plaintiff as owner of the business has the ultimate responsibility and liability for the activities in said business. Nevertheless, I submit that the Defendants have assumed, inferred and wrongfully concluded that someone in the Plaintiffs' store disregarded his training and engaged in the illegal activity charged, and it was done with the permission, knowledge and consent of said Plaintiffs. I submit that this reasoning and conclusion is improper and unfounded. I further submit that equity and fairness dictate that even if it is proven that the wrongdoing charged in this proceeding did in fact occur, the Plaintiffs should be permitted to resolve this matter by at the most payment of a reasonable civil money penalty as there was certainly no intent on behalf of Plaintiffs to violate the SNAP regulations.

32. A consideration of the totality of these facts result in the conclusion on judicial review that sanction imposed was arbitrary and capricious, unwarranted in law or without justification in fact and that Plaintiffs have a likelihood of prevailing on the merits.

33. A weighing of the irreparable injury to be sustained by the Plaintiffs and the harm that may be caused if the Plaintiffs are not permitted to continue to participate in the Supplemental Nutrition Assistance Program pending the determination of this action, clearly balance in favor of the Plaintiffs. It is the Plaintiffs who will be burdened with irreparable harm, not the Defendants.

34. It is requested as well that the Court consider the fairness of the situation, the Plaintiffs' unblemished record in the Supplemental Nutrition Assistance Program, the inconsequential amount of money involved, and the public interest will not be harmed, damaged or prejudiced if a civil money penalty is not granted.

35. The Defendants' final decision concluding the administrative proceeding as set forth in Exhibit "D" annexed to the Complaint was received by the Plaintiffs on or about March 11, 2019. After thirty (30) days from that date, April 11th, 2019, the Plaintiffs will be disqualified from participation in the Supplemental Nutrition Assistance Program, and so immediate judicial review is necessary to avoid such consequences.

36. The Plaintiffs have exhausted all administrative remedies herein.

**WHEREFORE**, the Plaintiffs' respectfully request this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF

AMERICA, DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
       March 17, 2019

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(212) 431-4453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

AHMED HIZAM MOKBEL and
20/20 DELI,

                                                               Civil Action No.

                      Plaintiffs,

      -against-

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                    Defendants.

===================================================================

## SUMMONS AND COMPLAINT

===================================================================

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(212) 431-4453
Jessberkowitz@aol.com